**UNITED STATES of America**

v.

**Donald Wayne SMITH Jr.**

**No. 1:95–CR–133–1.**

United States District Court,
E.D. Texas;
Beaumont Division.

Feb. 13, 1996.

484

Keith Giblin, Assistant U.S. Attorney, Beaumont, TX, for plaintiff.

Benjamin Durant, Houston, TX, for defendant.

## MEMORANDUM

COBB, District Judge.

Defendant, Donald Wayne Smith, was convicted on December 20, 1995, of two violations of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. U.S.C. § 3143 requires that he be detained after conviction prior to sentencing:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of im-

prisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

On defendant's motion, the court held a hearing concerning defendant's detention post conviction and prior to sentence. The defendant denied his guilt of the offense, and asserted he would not harm or threaten to harm anyone if released.

The court does not find there is a substantial likelihood that a new trial or a motion for acquittal will be granted; nor has the attorney for the government indicated the government will make a recommendation that no sentence of imprisonment be imposed upon the defendant.

The government claims that the defendant, a two-time convicted felon, admitted he kept a pistol grip 12–gauge automatic shotgun in his automobile "for protection."

The defendant denied prior assault charges in his sworn testimony at the hearing on his motion. The record has been supplemented to show the defendant was in error, to say the least, when he denied those charges.

A review of his record shows he has been arrested numerous times, including twice for assault, the latter which he failed to relate to his attorney or the court.

Considering his background, his lack of forthrightness and candor, I cannot and do not find that the defendant has persuaded the court by clear and convincing evidence that any of the conditions set forth in the statute have been met.

The motion to release the defendant from detention prior to sentencing is DENIED and OVERRULED.